FILED
UNITED STATES DISTRICT COURT IN CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

2004 OCT -1 P 3: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

**ROBERT EMMA, Custodian, IRA, DTD 7/10/97,**

       **Plaintiff,**

**VS.**

**RS INVESTMENT MANAGEMENT, L.P., PFPC DISTRIBUTORS, INC., G. RANDALL HECHT, LEONARD B. AUERBACH, JEROME S. CONTRO, JOHN W. GLYNN JR. and MICHAEL MCCAFFERY,**

       **Defendants, and**

**RS EMERGING GROWTH FUND,**

       **Nominal Defendant.**

Civil Action No.

04 CV 12106 NMG

**JURY TRIAL DEMANDED**

RECEIPT #_____
AMOUNT $ 150.00
SUMMONS ISSUED 6
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. M.P.
DATE 10/1/2004

## DERIVATIVE COMPLAINT

## INTRODUCTION

MAGISTRATE JUDGE JLA

1.    This is an action brought by the Plaintiff against the Defendants, derivatively on behalf of the RS Emerging Growth Fund (the "Fund") for breach by the Defendants of their fiduciary duty to the Fund and the Fund's shareholders and for violation of Sections 36(a) and (b) of the Investment Company Act of 1940 (the "Investment Company Act"), 15 U.S.C. §80a-35(a) and (b). Plaintiff alleges herein that Defendants RS Investment Management, L.P. and PFPC Distributors, Inc. violated Sections 36(a) and (b) of the Investment Company Act and breached their fiduciary duty to the Fund and its shareholders under Massachusetts law and

Sections 36(a) and (b) of the Investment Company Act by charging and receiving from the Fund, Rule 12b-1 Distribution Fees (the "Distribution Fees") which are excessive, and which do not benefit the Fund or its shareholders. The Plaintiff further alleges that Defendants G. Randall Hecht, Leonard B. Auerbach, Jerome S. Contro, John, W. Glynn Jr. and Michael McCaffery, the trustees of the Fund, violated Section 36(a) of the Investment Company Act and their fiduciary duty to the Fund and its shareholders under Massachusetts law and Section 36(a) of the Investment Company Act by approving the payment of the Distribution Fees to Defendants RS Investments and Distributors which are excessive and which do not benefit the Fund or the shareholders. Plaintiff seeks recovery for the Fund, from Defendants, of the Distribution Fees paid by the Fund to Defendants RS Investments and Distributors and an injunction, enjoining the continued payment of the Distribution Fees to the Defendants RS Investments and Distributors.

## JURISDICTION AND VENUE

2.      This action arises under and is brought pursuant to Sections 36(a) and (b) of the Investment Company Act and the common law of the Commonwealth of Massachusetts.

3.      This Court has jurisdiction over this action pursuant to Section 44 of the Investment Company Act and 28 U.S.C. §§1331,1332, 1337 and 1367. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this district pursuant to Section 44 of the Investment Company Act and 28 U.S.C. §1391(b).

2

5.    In connection with the acts alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce including, but not limited to, the mail and the interstate telephonic voice and data communications.

**PARTIES**

6.    The Plaintiff Robert Emma, Custodian, IRA, DTD 7/10/97  ("Plaintiff") is a resident of the State of New York.  The Plaintiff owns shares of the Fund.

7.    Defendant RS Investment Management, L.P., ("RS Investments") is a California limited partnership, with its principal place of business in California.  RS Investments is the Fund's investment advisor.

8.    Defendant PFPC Distributors, Inc., ("Distributors") is a Massachusetts corporation, with its principal place of business in Pennsylvania.  It is the principal underwriter of the Fund.

9.    The Defendants RS Investments and Distributors are collectively referred to herein as the "Corporate Defendants."

10.    The Nominal Defendant, RS Emerging Growth Fund (the "Fund"), is an open-end investment management company registered under the Investment Company Act.  The Fund is a series of the RS Investment Trust (the "Trust"), which is a Massachusetts business trust.

11.    Defendant G. Randall Hecht ("Hecht") has been a trustee of the Trust from June 1987 through December 1997, May 1999 through February 2001 and June 2001 to the present .  Hecht is the President and Principal Executive Officer of the Trust and is also the

3

CEO of RS Investments. Hecht is a resident of the State of California.

12.     Defendant Leonard B. Auerbach ("Auerbach") is and has been a trustee of the Trust since June 1987. Auerbach is a resident of the State of California.

13.     Defendant Jerome S. Contro ("Contro") is and has been a trustee of the Trust since June 2001. Contro is a resident of the State of Colorado.

14.     Defendant John W. Glynn, Jr. ("Glynn") is and has been a trustee of the Trust since 1997. Glynn is a resident of the State of California.

15.     Defendant Michael G. McCaffery ("McCaffery") is and has been a trustee of the Trust since May 2002. McCaffery is a resident of the State of California.

16.     Defendants Hecht, Auerbach, Contro, Glynn and McCaffery are collectively referred to herein as the "Trustee Defendants" or the "Defendant Trustees."

17.     The Trustee Defendants and the Corporate Defendants are collectively referred to herein as the "Defendants."

## FACTS REGARDING THE FUND

18.     The business and affairs of the Trust and of the Fund are purportedly managed under the direction of the Trust's Board of Trustees. The Board of Trustees of the Fund consists of the five Trustee Defendants.

19.     The Fund was organized pursuant to the Agreement and Declaration of Trust of Robert Stephens Investment Trust, a Massachusetts business trust, dated May 11, 1987, which is filed with the Secretary of the Commonwealth of Massachusetts. Thereafter, an Amended Declaration of Trust and Restated Agreement, dated March 13, 1997 was filed with

4

the Secretary of the Commonwealth of Massachusetts on April 3, 1997. Pursuant to an Amendment to the Amended Declaration of Trust and Restated Agreement, dated February 26, 1999, which was filed with the Secretary of the Commonwealth of Massachusetts on March 4, 1999, the name of the Trust was changed to RS Investment Trust. On June 4, 2004 another Amendment was filed. All of the documents described in this paragraph are collectively referred to herein as the "Declaration of Trust."

20.    Article VIII, Section 7 of the Declaration of Trust provides that the Fund is to be governed by and administered pursuant to the laws of the Commonwealth of Massachusetts. Specifically, that section of the Declaration of Trust provides as follows:

> Section 7.    Applicable Law. This Agreement and Declaration of Trust is created under and is to be governed by and construed and administered according to the laws of The Commonwealth of Massachusetts. The Trust shall be of the type commonly called a Massachusetts business trust, and without limiting the provisions hereof, the Trust may exercise all powers which are ordinarily exercised by such a trust.

21.    RS Investments is the "investment advisor" to the Fund, as that term is defined in Section 2(a)(20) of the Investment Company Act, and as that term is used in Sections 36(a) and (b) of the Investment Company Act.

22.    Distributors is the Principal "Underwriter" of the Fund, as that term is defined in Section 2(a)(40) of the Investment Company Act and as that term is used in Sections 36(a) and (b) of the Investment Company Act.

23.    The trustees of the Trust identified herein are sometimes collectively referred to herein as the "Trustees" or the "Board of Trustees" of the Trust and the Fund.

24.    For all purposes under the Investment Company Act and SEC Rule 12b-1 promulgated thereunder, the Board of Trustees of the Trust constitutes the "board of directors" of the Trust and the Fund as the term "board of directors" is used in the Investment Company Act and Rule 12b-1.

25.    For all purposes under the Investment Company Act and SEC Rule 12b-1, the Trustees are the "directors" of the Trust and the Fund as the term "directors" is used in the Investment Company Act and Rule 12b-1.

26.    Each of the Defendant Trustees is a director or trustee of other portfolios in the RS Investments fund complex. Each of the Defendant Trustees oversee 10 portfolios in the RS Investments fund complex, though not necessarily the same portfolios.

## SUBSTANTIVE ALLEGATIONS

### The Rule 12b-1 Distribution Fees Which Are Excessive And Which Do Not Benefit The Fund or Its Shareholders

27.    From its inception on November 30, 1987 through April 28, 2000, shares of the Fund could be purchased by the public, including by persons or entities which were already shareholders of the Fund and by persons and entities which were not yet shareholders of the Fund.

28.   As of April 28, 2000, the Fund ceased offering and selling shares of the Fund to any investors who were not already shareholders of the Fund (with minor exceptions). In the mutual fund industry, this is referred to as "closing" the Fund to new investors.

29.   Accordingly, since April 28, 2000, no shares of the Fund have been sold to any investors who were not shareholders of the Fund prior to April 28, 2000 (with minor exceptions). Likewise, since April 28, 2000, the only sales by the Fund of its shares have been to persons or entities which were shareholders of the Fund prior to April 28, 2000 (with minor exceptions).

30.   The period from April 28, 2000 to the present is sometimes referred to herein as the "Closed To New Investors Period."

31.   SEC Rule 12b-1, subject to specified requirements, permits the establishment by a registered open-end management investment company of a Rule 12b-1 plan and permits a registered open-end management company to enter into a Rule 12b-1 agreement, which plan and agreement provide for <u>payments</u> by the registered open-end management investment company for activities <u>which are primarily intended to result in the sale of shares issued by such company</u>, including, but not necessarily limited to, advertising, compensation of underwriters, dealers, and sales personnel, the printing and mailing of prospectuses to other than current shareholders, and the printing and mailing of sales literature.

32.   SEC Rule 12b-1 requires that:

a.   any Rule 12b-1 plan providing for distribution payments to be made by a registered open-end management investment company, must be <u>terminable at any time</u> by a vote of a majority of the disinterested directors of the investment company;

7

b.  any agreement to implement a Rule 12b-1 plan providing for distribution payments to be made by a registered open-end management investment company, must be <u>terminable, without penalty, on 60 days notice</u> by a vote of a majority of the disinterested directors of the investment company;

c.  any Rule 12b-1 plan or agreement to implement such a plan, which provides that it shall continue in effect for more than one year, must provide that such continuance be specifically approved, at least annually, by a majority of the board of directors and a majority of the disinterested directors;

d.  directors of an investment company may not approve the implementation or the continuation of a Rule 12b-1 plan, unless they conclude, in the exercise of reasonable business judgment and in light of their fiduciary duties under state law and under Sections 36(a) and (b) of the Investment Company Act, that there is <u>a reasonable likelihood that the plan will benefit the investment company and its shareholders.</u>

35.    In light of the lack of any public sales or distribution of shares of the Fund since April 28, 2000, the costs incurred by the Corporate Defendants or any other company affiliated with the Corporate Defendants since April 28, 2000, for any activity which was or will be primarily intended to result in the sale of shares issued by the Fund since April 28, 2000, including, but not limited to, advertising, compensation of underwriters, dealers, and sales personnel, the printing and mailing of prospectuses to other than current shareholders, and the printing and mailing of sales literature, have been and will continue to be minimal.

36.    The Fund enacted a plan (the "Plan") purportedly pursuant to SEC Rule 12b-1, pursuant to which the Fund would pay RS Investments and Distributors an annual Distribution Fee (paid out on an ongoing basis) equal to 0.25% of the net asset value of the Fund's shares.

37.    The Plan was approved by a unanimous vote of the Board of Trustees of the Fund.

38.    The Fund also entered into an agreement with RS Investments and Distributors (the "Agreement"), pursuant to the Plan and purportedly pursuant to Rule 12b-1, pursuant to which the Fund would pay RS Investments and Distributors an annual Distribution Fee (paid out on an ongoing basis) equal to 0.25% of the net asset value of the Fund's shares.

39.    The Agreement was approved by a unanimous vote of the Board of Trustees of the Fund.

40.    The Plan and Agreement both provide (as required by Rule 12b-1(b)(3)(i)) that they may continue for more than one year only if they are specifically approved by a vote of the Board of Trustees, at least annually.

41.    The Trustees specifically voted unanimously to continue the Plan and the Agreement, at least annually since their original approval of the Plan and the Agreement.

42.    The Trustees, at least quarterly since the adoption of the Plan and the Agreement, have received a written report of the amounts paid by the Fund to RS Investments and Distributors, pursuant to the Plan and Agreement and the purposes for which such expenditures were made. The Trustees did not vote to discontinue or terminate the Plan or the Agreement after receipt of any of those reports.

9

43.    Since April 28, 2000, when the Fund ceased selling shares to the general public, the Fund has been charged by, and has paid to, RS Investments and Distributors, pursuant to the Plan and the Agreement, a Distribution Fee (paid on an ongoing basis) equal to approximately 0.25% of the net asset value of the Fund's shares. During the period January 1, 2001 through December 31, 2003, the Fund paid RS Investments and Distributors $15,002,536. Plaintiff estimates that since the Fund closed to new investors on April 28, 2000, the Fund paid RS Investments and Distributors approximately $20 million in Distribution Fees. Plaintiff estimates that in the one year period prior to the filing of this action, the Fund paid RS Investments and Distributors approximately $3.5 million in Distribution Fees.

44.    The Distribution Fees paid by the Fund to RS Investments and Distributors during the Closed To New Investors Period were excessive, because those payments materially exceeded the expenses incurred by RS Investments and Distributors during that time period, which expenses were incurred primarily to result in the sale of shares issued by the Fund during that time period, including, but not limited to, advertising, compensation of underwriters, dealers, and sales personnel, the printing and mailing of prospectuses to other than current shareholders, and the printing and mailing of sales literature. In fact, as explained above, those expenses of RS Investments and Distributors during the Closed To New Investors Period were minimal.

45.    Plaintiff estimates that after the filing of this Complaint, the Fund will continue to pay RS Investments and Distributors approximately the same periodic amounts for Distribution Fees as it paid in 2003. Accordingly, the Plaintiff estimates that the Fund will pay RS Investments and Distributors approximately $300,000 in Distribution Fees each month

10

after the filing of this Complaint.

46.    The Distribution Fees that will be paid by the Fund to RS Investments and Distributors after the filing of this Complaint will be excessive, because those payments will materially exceed the expenses that will be incurred by RS Investments and Distributors after the filing of the Complaint which expenses will be incurred primarily to result in the sale of shares issued by the Fund after the filing of this Complaint, including, but not limited to, advertising, compensation of underwriters, dealers, and sales personnel, the printing and mailing of prospectuses to other than current shareholders, and the printing and mailing of sales literature.    In fact, as explained above, those expenses of RS Investments and Distributors after the filing of this Complaint will be minimal.

47.    Because no sales of Fund shares have been, or will be, made to the public after April 28, 2000, the continuation of the Fund's Plan and the Fund's Agreement with the Defendants RS Investments and Distributors after April 28, 2000 was (and continues to be) without any reasonable basis because there was (and continues to be) no reasonable likelihood that the continuation of the Plan and the Agreement during that time period would benefit the Fund or its shareholders.

48.    Because no sales of Fund shares have been, or will be, made to the public after April 28, 2000, the payment by the Fund of the above referenced Distribution Fees since April 28, 2000, was (and continues to be) without any reasonable basis because there was (and continues to be) no reasonable likelihood that the payment by the Fund of the above-referenced Distribution Fees to the Defendants RS Investments and Distributors during that time period would benefit the Fund or its shareholders.

11

49.    The Trustees of the Fund have a fiduciary duty to the Fund and its shareholders under the common law of the Commonwealth of Massachusetts and the Investment Company Act.

50.    By approving of the continuation of the Plan and the Agreement since April 28, 2000, even though there was no reasonable likelihood that payment by the Fund of the Distribution Fees set forth in the Plan and the Agreement after April 28, 2000 would benefit the Fund or its shareholders, and even though those Distribution Fees were excessive, the Trustees breached their fiduciary duty to the Fund and its shareholders under the common law of the Commonwealth of Massachusetts and Section 36(a) of the Investment Company Act and breached their obligations under SEC Rule 12b-1(e).

51.    By approving of the continuation of the Plan and Agreement since April 28, 2000, even though there was no reasonable likelihood that payment by the Fund of the Distribution Fees set forth in the Plan and Agreement after April 28, 2000 would benefit the Fund or its shareholders, and even though those Distribution Fees were excessive, the Trustee Defendants acted, or failed to act, with willful misfeasance, bad faith, gross negligence, and reckless disregard of the duties involved in the conduct of the office of Trustee.

52.    By failing to terminate the Plan and Agreement since April 28, 2000, even though there was no reasonable likelihood that payment by the Fund of the Distribution Fees set forth in the Plan and the Agreement after April 28, 2000 would benefit the Fund or its shareholders, and even though those Distribution Fees were excessive, the Trustees breached their fiduciary duty to the Fund and its shareholders under the common law of the

Commonwealth of Massachusetts, and Section 36(a) of the Investment Company Act and breached their obligations under SEC Rule 12b-1(e).

53.    By failing to terminate the Plan and Agreement since April 28, 2000, even though there was no reasonable likelihood that payment by the Fund of the Distribution Fees set forth in the Plan and the Agreement after April 28, 2000 would benefit the Fund or its shareholders, and even though those Distribution Fees were excessive, the Trustee Defendants engaged in conduct, and continue to engage in conduct, which constituted and continues to constitute, wilful misfeasance, bad faith, gross negligence, and reckless disregard of the duties involved in the conduct of the office of the Trustee.

54.    The Trustee Defendants' voting to continue, and their failure to vote to discontinue, the Plan and the Agreement, after the Trustees caused the Fund to close to new investors constituted, and continues to be, a violation by the Trustee Defendants of their fiduciary duties under Sec. 36(a) and personal misconduct by the Trustee Defendants as that term is used in Sec. 36(a).

55.    As the investment advisor to the Fund, RS Investments has a fiduciary duty to the Fund and its shareholders pursuant to Sections 36(a) and (b) of the Investment Company Act and Massachusetts law.

56.    As the Underwriter of the Fund, Distributors has a fiduciary duty to the Fund and its shareholders pursuant to Sections 36(a) and (b) of the Investment Company Act and Massachusetts law.

13

57.    By collecting the Distribution Fees from the Fund since April 28, 2000, RS Investments and Distributors breached their fiduciary duty to the Fund and its shareholders and are liable to the Fund pursuant to Sec. 36(b) of the Investment Company Act, for the Distribution Fees paid to them within the period commencing one year prior to the filing of this action and pursuant to Sec. 36(a) of the Investment Company Act and Massachusetts law for the Distribution Fees paid to them during the Closed to New Investors Period.

58.    By continuing to collect the Distribution Fees from the Fund after the filing of this Complaint, RS Investments and Distributors continue to breach their fiduciary duties to the Fund and its shareholders under Sections 36(a) and (b) of the Investment Company Act and Massachusetts law, and are liable to the Fund for the Distribution Fees that will be paid to them by the Fund after the filing of this Complaint.

## SECTION 36(b) ALLEGATIONS

59.    This action is brought by the Plaintiff, on behalf of the Fund, pursuant to Section 36(b) of the Investment Company Act, to recover excessive Rule 12b-1 Distribution Fees paid by the Fund to RS Investments and Distributors, during the period commencing one year prior to the commencement of this action.

60.    The Plaintiff was not required to, and has not, made demand upon the Trustees of the Fund to bring this action on behalf of the Fund. *See, Daily Income, Inc. v. Fox,* 464 U.S. 523, 104 S.Ct. 831 (1984).

## RULE 23.1, F. R. CIV. P., DERIVATIVE ALLEGATIONS

61.    This action is also brought by the Plaintiff, derivatively, on behalf of the Fund, pursuant to Rule 23.1, F. R. Civ. P., to recover from all of the Defendants the excessive Rule 12b-1 Distribution Fees paid by the Fund to Distributors during the Closed To New Investors Period.

62.    The Plaintiff has not made demand upon the Trustees that the Trustees cause the Funds to bring this action against the Defendants, to recover the excessive Distribution Fees which the Defendants have charged, and continue to charge the Fund, and to enjoin the continued payment of the excessive Distribution Fees, because the making of such demand in this case would have been futile and hence is excused.

63.    Demand upon the Trustees to bring this action on behalf of the Fund, against the Defendants, would have been futile because:

a.    the claims asserted herein against the Defendants concern the Distribution Fees charged to the Fund by RS Investments and Distributors pursuant to the Rule 12b-1 Plan and the Agreement, which the Trustees have specifically:

i) voted to approve;

ii) voted to continue on at least two occasions since May 1, 2002, when they closed the Fund to new investors; and

iii) repeatedly, at least four times each year since May 1, 2002, failed to terminate after review of the quarterly information provided to them regarding the payment of the Rule 12b-1 Distribution Fees pursuant to SEC Rule 12b-1(e).

15

b. pursuant to Rule 12b-1 and the express terms of the Rule 12b-1 Plan, the Plan can be terminated by the Trustees at any time, but the Trustees have failed to do so, and continue to fail to do so; and

c. pursuant to Rule 12b-1 and the express terms of the Rule 12b-1 Agreement, the Agreement with RS Investments and Distributors can be terminated by the Trustees at any time, without penalty, on 60 days notice to RS Investments and Distributors, but the Trustees have failed to do so, and continue to fail to do so.

64. The circumstances detailed throughout this complaint demonstrate that demand would be futile and hence is excused under the principals established in *Harhen v. Brown*, 431 Mass. 838, 842-843 and fn. 5 (2000). Specifically, this complaint alleges "...with particularity facts that, if true, raise a significant prospect that the Trustee Defendants would be adjudged liable to the [Fund]..." *Id.* at 843, fn. 5, citing 1. ALI Principal of Corporate Government: Analysis and Recommendations Section 1.23(a)(1) (1994).

65. That demand would be futile under these circumstances is reinforced by the following conclusion in *Daily Income Fund, Inc.*, 464 U.S. at 546 (Stevens, J., concurring):

> . . . a demand requirement would serve no meaningful purpose . . . the contract between the fund and its investment advisor had been expressly approved by the independent directors of the fund. Since the disinterested directors are required to review and approve all advisory fee contracts under §15 of the Act. . . a demand would be a futile gesture after directors have already passed on the contract. . . .

66. The Plaintiff has also not made demand on all of the shareholders of the Fund. There are tens of thousands of shareholders of the Fund. Under such circumstances, where there are a very large number of shareholders, demand on the shareholders is not required.

See, *Harhen v. Brown*, 431 Mass. 838, 849 (2000).

## COUNT I

### Against the Defendants RS Investments and Distributors Under Sec. 36(b) of the Investment Company Act

67.    Plaintiff repeats and realleges all of the preceding paragraphs in this Complaint.

68.    The Defendants RS Investments and Distributors are liable to the Fund for breach of their fiduciary duties to the Fund and its shareholders and for violation of Sec. 36(b) of the Investment Company Act.

69.    The Fund has been damaged by RS Investments' and Distributors' breach of their fiduciary duties to the Fund and its shareholders and by their violation of Sec. 36(b) of the Investment Company Act.

70.    Pursuant to Sec. 36(b) of the Investment Company Act, RS Investments and Distributors are liable to the Fund for the amount of the Distribution Fees paid to RS Investments and Distributors by the Fund during the period beginning one year prior to the filing of this complaint.

## COUNT II

### Against All Of The Defendants Under Sec. 36(a) Of The Investment Company Act

71.    Plaintiff repeats and realleges all of the preceding paragraphs in this Complaint.

72.    All of the Defendants are liable to the Fund for breach of their fiduciary duties to the Fund and its shareholders and for violation of Sec. 36(a) of the Investment Company

Act.

73.    The Fund has been damaged by all of the Defendants' breach of their fiduciary duties to the Fund and its shareholders and for violations of Sec. 36(a) of the Investment Company Act.

74.    Pursuant to Sec. 36(a) of the Investment Company Act, all of the Defendants are liable to the Fund for the amount of the Distribution Fees that have been paid to and will be paid to RS Investments and Distributors by the Fund during the Closed to New Investors Period.

## COUNT III

### Against All of The Defendants for Breach of Their Fiduciary Duty to the Fund and Its Shareholders Under Massachusetts Law

75.    Plaintiff repeats and realleges all of the preceding paragraphs in this Complaint.

76.    All of the Defendants are liable to the Fund for breach of their fiduciary duty to the Fund and its shareholders under Massachusetts law.

77.    The Fund has been damaged by all of the Defendants' breach of their fiduciary duty to the Fund and its shareholders under Massachusetts law, by the amount which Defendants RS Investments and Distributors received from and will receive from the Fund as Distribution Fees during the Closed to New Investors Period.

78.    All of the Defendants are liable to the Fund for the amount of the Distribution Fees that have been paid to and will be paid to RS Investments and Distributors by the Fund during the Closed to New Investors Period.

18

WHEREFORE: Plaintiff prays this Honorable Court to:

A.    Find the Defendants RS Investments and Distributors liable for breach of their fiduciary duty to the Fund and its shareholders and for violation of Sec. 36(b) of the Investment Company Act;

B.    Find all fo the Defendants liable for breach of their fiduciary duty to the Fund and its shareholders and for violation of Sec. 36(a) of the Investment Company Act;

C.    Find all of the Defendants liable for breach of their fiduciary duty to the Fund and its shareholders under Massachusetts law;

D.    Declare that the Distribution Fees that have been charged and continue to be charged by RS Investments and Distributors during the Closed to New Investors Period did not and will not benefit the Fund and its shareholders and are excessive;

E.    Issue a permanent injunction enjoining RS Investments and Distributors from continuing to charge or receive from the Fund the Distribution Fees which will not benefit the Fund and its shareholders and are excessive;

F.    Issue a permanent injunction ordering the Trustee Defendants to terminate the Plan and Agreement and to cause the Fund to cease paying RS Investments and Distributors the Distribution Fees which will not benefit the Fund and its shareholders and are excessive;

G.    Determine and award to the Fund from RS Investments and Distributors the amount of excessive Distribution Fees that RS Investments and Distributors

19

have received from the Fund during the period beginning one year prior to the filing of this complaint;

H.    Determine and award to the Fund from all of the Defendants the Distribution Fees that RS Investments and Distributors have received from the Fund during the Closed to New Investors Period which did not and will not benefit the Fund and its shareholders and are excessive;

I.    Award the Plaintiff his reasonable attorneys fees and costs; and

J.    Grant any other further relief which this Court finds just and proper.

Plaintiff demands a trial by jury.

Dated: October 1, 2004

Submitted by the attorneys for the Plaintiff,

Edward F. Haber BBO No. 215620
Theodore M. Hess-Mahan BBO No. 557109
Shapiro Haber & Urmy LLP
Exchange Street
53 State Street
Boston, MA 02109
(617) 439-3939

**OF COUNSEL:**

Richard J. Vita
77 Franklin Street
3rd Fl.
Boston, MA 02110
(617) 426-6566

## DECLARATION

Now comes Robert Emma, and he hereby deposes and says:

1.      I am the Plaintiff in the action entitled *Robert Emma v. RS Investment Management, L.P., derivatively on behalf of RS Emerging Growth Fund.*

2.      I have reviewed the Derivative Complaint in the action.  The allegations in paragraph six of the Derivative Complaint are true and accurate to the best of my knowledge and belief.

Signed and sworn to this *13* day of *Sept*, 2004, under the pains and penalties of perjury under the laws of the United States.

Robert Emma