UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT EMMA, Custodian, IRA, DTD 7/10/97,<br><br>    Plaintiff,<br><br>vs.<br><br>RS INVESTMENT MANAGEMENT, L.P.; PFPC DISTRIBUTORS, INC.; G. RANDALL HECHT; LEONARD B. AUERBACH; JEROME S. CONTRO; JOHN W. GLYNN, JR.; and MICHAEL McCAFFERY,<br><br>    Defendants, and<br><br>RS EMERGING GROWTH FUND,<br><br>    Nominal Defendant. | Case No. 04-cv-12106-NMG |

**MOTION TO DISMISS THE COMPLAINT BY DEFENDANTS RS INVESTMENT MANAGEMENT, L.P.; G. RANDALL HECHT; LEONARD B. AUERBACH; JEROME S. CONTRO; JOHN W. GLYNN, JR.; and MICHAEL McCAFFERY**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and all other applicable laws and rules, Defendants RS Investment Management, L.P. ("RS Investments"), G. Randall Hecht, Leonard B. Auerbach, Jerome S. Contro, John W. Glynn, Jr., and Michael McCaffery (collectively, the "RS Defendants"), hereby move for an order dismissing plaintiff Robert Emma's Complaint. As grounds for this motion, the RS Defendants state as follows:

1.    The Complaint asserts claims under Section 36(a) and 36(b) of the Investment Company Act of 1940, as amended ("ICA"), 15 U.S.C. § 80a-36(a) and (b) (hereinafter, "Section

36(a)" and "Section 36(b)") as well as a claim for breach of fiduciary duty under the common law of Massachusetts.  Plaintiff can prove no set of facts that would entitle him to relief under the ICA or Massachusetts state law.  The Complaint fails to state a cause of action upon which relief can be granted and should be dismissed in its entirety.

2. On October 1, 2004, plaintiff filed his Complaint.  The applicable statutes of limitations had expired on all of plaintiffs' claims by that date.

3. Plaintiffs' derivative claims under Section 36(a) and Massachusetts law require a pre-suit demand on the RS Board of Trustees.  The "futility" exception to demand has been abolished under applicable Massachusetts law and the exception would not apply in any event.

4. The core premise of plaintiff's lawsuit – that the EG Fund is "closed to all new investors" – is incorrect.  The EG Fund remains open to any investors purchasing shares via financial institutions.

5. Plaintiff lacks standing to bring a claim pursuant to Section 36(a), under which there is no implied private right of action, and which in any event is inapplicable to excessive fee allegations.

6. Even if Section 36(a) were the proper claim and plaintiff had standing to bring such a claim, the claim would still fail because plaintiff pleads no facts suggesting personal misconduct on the part of the Trustees.

7. Plaintiff fails to plead facts sufficient to state a Section 36(b) claim for numerous reasons, including failure to allege facts implicating the applicable pleading standard, which requires plaintiff to allege facts indicating that the fee at issue is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining.

8. Plaintiff's Massachusetts state law claim sounds in waste and plaintiff falls far short of pleading a waste claim.  Plaintiff fails to allege any facts implicating the duties of care and loyalty under Massachusetts law.

10. This Court should decline to exercise supplemental jurisdiction over plaintiff's

Massachusetts fiduciary duty claim.

11.     Plaintiff has failed to comply with the verification and ownership requirements of Federal Rule of Civil Procedure 23.1.

12.     In support of this Motion to Dismiss, the RS Defendants submit a Memorandum of Law as well as a Declaration by James E. Burns, Jr., attached to which are certain judicially noticeable materials.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

13.     In accordance with Local Rule 7.1(a)(2), attorneys for the RS Defendants certify that they have conferred with plaintiff's counsel prior to filing in a good faith effort to resolve or narrow the issues, and informed plaintiff's counsel that the RS Defendants intended to file this Motion to Dismiss.  Plaintiff's counsel indicated that the plaintiff likely would not assent, and indeed is likely to oppose this Motion.

## REQUEST FOR ORAL ARGUMENT

14.     Pursuant to Local Rule 7.1(d), the RS Defendants request that this Court hold a hearing on this Motion to Dismiss.  The RS Defendants believe oral argument will materially assist this Court in deciding this Motion.

**WHEREFORE**, the RS Defendants respectfully request that the Court grant their Motion to Dismiss on the grounds stated herein and in the accompanying Memorandum of Law and Declaration, and grant such other and further relief as the Court deems just and proper.

Dated:  February 11, 2005                              Respectfully submitted,

/s/ James E. Burns, Jr.
James E. Burns, Jr., *pro hac vice*
Richard Gallagher, *pro hac vice*
Eunice J. Lee, *pro hac vice*
ORRICK, HERRINGTON & SUTCLIFFE, LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2625
Ph:  (415) 773-5700
Fax:  (415) 773-5759
jburns@orrick.com
rgallagher@orrick.com
ejlee@orrick.com
*Attorneys for the RS Defendants*

ROPES & GRAY, LLP
Robert G. Jones (BBO # 630767)
One International Place
Boston, MA 02110-2624
(617) 951-7000
*Attorneys for the RS Defendants and for PFPC Distributors, Inc.*