**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT EMMA, Custodian, IRA, DTD 7/10/97, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>RS INVESTMENT MANAGEMENT, L.P.; )<br>PFPC DISTRIBUTORS, INC.; G. RANDALL )<br>HECHT; LEONARD B. AUERBACH; )<br>JEROME S. CONTRO; JOHN W. GLYNN, )<br>JR.; and MICHAEL McCAFFERY, )<br>)<br>    Defendants, and )<br>)<br>RS EMERGING GROWTH FUND, )<br>)<br>    Nominal Defendant. ) | Case No. 04-cv-12106-NMG |

**DECLARATION OF JAMES E. BURNS, JR. IN SUPPORT OF
THE RS DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

I, James E. Burns, Jr., am counsel to defendants RS Investment Management, L.P., G. Randall Hecht, Leonard B. Auerbach, Jerome S. Contro, John W. Glynn, Jr., Michael McCaffery (collectively, "RS Defendants") and the nominal defendant RS Emerging Growth Fund ("Fund") in the above-captioned matter. In connection with the RS Defendants' Motion to Dismiss the Complaint, and pursuant to Federal Rule of Evidence 201, the RS Defendants submit as proper subjects of judicial notice each of the following documents:

1. Article issued by Morningstar.Com on January 6, 2000. A true and correct copy of this document is attached hereto as Exhibit A.

2. Prospectus Supplement issued by RS Investments on May 15, 2000. A true and correct copy of this document is attached hereto as Exhibit B.

3. Prospectus issued by RS Investments on May 1, 2000. True and correct copies of the relevant pages of this document are attached hereto as Exhibit C.

4. Prospectus issued by RS Investments on May 1, 2001. True and correct copies of the relevant pages of this document are attached hereto as Exhibit D.

5. Prospectus issued by RS Investments on May 1, 2002. True and correct copies of the relevant pages of this document are attached hereto as Exhibit E.

6. Prospectus issued by RS Investments on May 1, 2003. True and correct copies of the relevant pages of this document are attached hereto as Exhibit F.

7. Prospectus issued by RS Investments on May 1, 2004. True and correct copies of the relevant pages of this document are attached hereto as Exhibit G.

Each of the Prospectuses attached hereto as Exhibits C through G are voluminous is size. Thus, to reduce the Court's burden and to save resources, the RS Defendants submit herewith only relevant pages from each. The RS Defendants stand ready to file and serve full copies of

1

these Exhibits at the request of plaintiff or the Court.  In addition, complete copies of these Prospectuses are available for public review on the Securities and Exchange Commission's EDGAR database, which is accessible on the Internet at http://www.sec.gov.  From the SEC's website, the documents are accessible by successively clicking "Filings and Forms (EDGAR)," "Search for Company Filings," and "Companies & Other Filers."  In the "Company name" field, typing "RS Investment" will allow for the selection of all SEC filings for the RS Investment Trust, arranged in chronological order, including those submitted herewith.

## DISCUSSION

These documents are proper subjects of judicial notice.  Documents filed with the Securities and Exchange Commission may be judicially noticed and considered by the Court on a motion to dismiss.  *See Crowell v. Ionics, Inc.,* 343 F. Supp. 2d 1, 15 n.7 (D. Mass. 2004)*; In re Stone & Webster, Inc., Sec. Litig.,* 253 F. Supp. 2d 102, 129 n.11 (D. Mass. 2003) (noting that a district court may take judicial notice of documents filed with SEC); *In re Lernout & Hauspie Sec. Litig.,* 286 B.R. 33, 37 (D. Mass. 2002) (same); *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000); *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1275-81 (11th Cir. 1999); *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996); *In re Nuko Info. Sys. Sec. Litig.,* 199 F.R.D. 338, 341 (N.D. Cal. 2000) ("The Court may take judicial notice of public records outside the pleadings, including SEC filings"); *In re Van Wagoner Funds, Inc. Sec. Litig.,* 2004 WL 2623972, at *1 n.1 (N.D. Cal. July 27, 2004) (taking judicial notice of documents filed with SEC); *Lapidus v. Hecht,* 2002 WL 1034042, at *3 n.4 (N.D. Cal. May 17, 2002) (ruling that a court may properly take judicial notice of "[d]ocuments which must be filed with the SEC").

The Court may also consider documents referred to in the Complaint.  *In re Colonial Mtg. Baners Corp.,* 324 F.3d 12, 16 (1st Cir. 2003) (holding that court may "consider not only

the complaint but also matters fairly incorporated within it"); *Lynch v. Board of State Examiners of Electricians,* 218 F. Supp. 2d 3, 7 n.7 (D. Mass. 2002) (holding that courts may consider documents which are sufficiently referred to in plaintiff's complaint); *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999). Moreover, a court may take judicial notice of documents that plaintiff necessarily relies upon, without regard to whether plaintiff has chosen to cite or quote from such documents. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) ("Plaintiffs cannot prevent a court from looking at the text[] of the documents on which its claim is based by failing to attach or explicitly cite to them"); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *Lapidus,* 2002 WL 1034042 at *3 n.4 (holding that judicial notice may be taken of "SEC filings to which a plaintiffs refers in a complaint").

In addition, a court may take judicial notice of a key document where a plaintiff purports to state the content of the document without actually attaching the document to the complaint. *See Fudge v. Penthouse Int'l,* 840 F.2d 1012, 1015 (1st Cir. 1987); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir. 1991); *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 184 F.3d 280, 292 (3d Cir. 1999); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993); *New Beckley Mining Corp. v. United Mine Workers of Am.,* 18 F.3d 1161, 1164 (4th Cir. 1994); *Branch v. Tunnel*, 14 F.3d 449, 453-54 (9th Cir. 1994); *Weiner v. Klais & Co., Inc* 108 F.3d 86, 89 (6th Cir. 1997); *Brooks v. Blue Cross & Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997) (overruled on other grounds); *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384-85 (10th Cir. 1997); *In re Van Wagoner Funds,* 2004 WL 2623972 at *1 n.1. *See also* Wright & Miller, 5 Fed. Prac & Proc. Civ 2d § 1327 ("[W]hen plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading").

In securities cases, the Court may take judicial notice of the fact that information was disclosed in published reports or articles.  *See Helitrope Gen., Inc. v. Ford Motor Corp.,* 189 F.3d 971, 981 (9th Cir. 1999) (taking judicial notice that market was aware of information in financial articles in determining whether plaintiff's "omission" theory survived pleading standards under Reform Act); *In re Worldcom, Inc. Sec. Litig.,* 294 F. Supp. 2d 431, 445 n.19 (S.D.N.Y. 2003) (holding that court may consider news reports on a motion to dismiss); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,* 272 F. Supp. 2d 243, 250 n.5, 254 n.9 (S.D.N.Y. 2003) (allowing judicial notice of newspaper articles and public quotations of stock prices); *In re Splash Tech. Holdings, Inc. Sec. Litig.,* 2000 WL 1727405, at *7 n.6 (N.D. Cal., Sept. 29, 2000) (taking judicial notice that market was aware of information disclosed in supplement to prospectus).

Finally, the Court may also take judicial notice of any facts that are capable of accurate and ready determination by sources whose accuracy cannot reasonably be disputed.  Fed. R. Evid. 201(b)(2); *In re Learnout,* 286 B.R. at 37.

For the foregoing reasons, the RS Defendants respectfully submit the judicially noticeable documents listed above.

Dated:  February 11, 2005                        /s/ James E. Burns, Jr._____
                                                  James E. Burns, Jr.