UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT EMMA, Custodian, IRA, DTD 7/10/97,<br><br>    Plaintiff,<br><br>vs.<br><br>RS INVESTMENT MANAGEMENT, L.P.; PFPC DISTRIBUTORS, INC.; G. RANDALL HECHT; LEONARD B. AUERBACH; JEROME S. CONTRO; JOHN W. GLYNN, JR.; and MICHAEL McCAFFERY,<br><br>    Defendants, and<br><br>RS EMERGING GROWTH FUND<br><br>    Nominal Defendant. | Case No. 04-cv-12106-NMG<br><br>Judge Nathaniel M. Gorton |

**RS DEFENDANTS' MOTION FOR LEAVE TO FILE AN OVERSIZED MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S DERIVATIVE COMPLAINT**

Pursuant to Local Rule 7.1, RS Investment Management, L.P., G. Randall Hecht, Leonard B. Auerbach, Jerome S. Contro, John W. Glynn, Jr. and Michael McCaffery (collectively the "RS Defendants") hereby move this Court for leave to file a joint memorandum in support of their Motion to Dismiss the Complaint that is up to and not exceeding thirty (30) pages in length. The RS Defendants conferred with plaintiff, who agreed not to object to this Motion. In support of this Motion, the RS Defendants state:

1. Plaintiff's Derivative Complaint (the "Complaint") alleges violations of Sections 36(a) and 36(b) of the Investment Company Act ("ICA"), as well as Massachusetts state law, against RS Investment Management, L.P. The Complaint further asserts claims against the five individual Trustees of RS Emerging Growth Fund (the "Fund") for purported violations of

Section 36(a) of the ICA and Massachusetts state fiduciary duty law.

    2.    The RS Defendants are seeking to dismiss each count of the Complaint on multiple grounds. Specifically, the RS Defendants argue: (i) all of the plaintiff's claims are barred by the applicable statutes of limitations; (ii) plaintiff's state law claims and Section 36(a) claims must be dismissed for failure to make a demand to bring suit on the Trustees; (iii) plaintiff's Section 36(b) claim is inadequate as a matter of law because its central premise – that the Fund closed to new investors – is incorrect; (iv) plaintiff's Section 36(a) claim fails because the provision does not provide for a private right of action at all, much less one to challenge excessive fees and, in any event, the Complaint does not allege "personal misconduct"; (v) plaintiff fails to plead facts sufficient to state a Section 36(b) claim for numerous reasons, including failure to allege facts implicating the applicable pleading standard; (vi) plaintiff's allegations are insufficient to state a claim for breach of fiduciary duty under Massachusetts state law; (vii) this Court lacks supplemental jurisdiction over plaintiff's Massachusetts fiduciary duty claim; and (viii) the Complaint does not comply with the requirements of Fed. R. Civ. P. 23.1.

    3.    The RS Defendants consist of one corporate entity and five individuals who would be entitled each to file a brief of twenty (20) pages were they not filing a single joint brief.

    4.    Since the presentation of these arguments on behalf of these multiple defendants is not practicable within the standard page limit for a memorandum in support of a dispositive motion, the RS Defendants apply to this Court for leave to exceed that limit, and to file a memorandum consisting of thirty (30) pages.

    **WHEREFORE**, the RS Defendants hereby requests leave from the Court to file a memorandum in support of their motion to dismiss the Complaint.

Dated: February 10, 2005                           ORRICK, HERRINGTON & SUTCLIFFE, LLP


/s/ James E. Burns, Jr.
James E. Burns, Jr., *pro hac vice*
Richard Gallagher, *pro hac vice*
Eunice J. Lee, *pro hac vice*
The Orrick Building
405 Howard Street
San Francisco, CA  94105-262
Ph:  (415) 773-5700
*Attorneys for RS Defendants*

Dated: February 10, 2005

ROPES & GRAY, LLP

/s/ Robert G. Jones
Michael K. Fee (BBO # 544541)
Robert G. Jones (BBO # 630767)
Daniel B. Schwarcz (BBO # 657518)
One International Place
Boston, MA 02110-2624
(617) 951-7000
*Attorneys for the RS Defendants and for PFPC Distributors, Inc.*