UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT EMMA, Custodian, IRA, DTD 7/10/97,<br><br>    Plaintiff,<br><br>vs.<br><br>RS INVESTMENT MANAGEMENT, L.P.; PFPC DISTRIBUTORS, INC.; G. RANDALL HECHT; LEONARD B. AUERBACH; JEROME S. CONTRO; JOHN W. GLYNN, JR.; and MICHAEL McCAFFERY,<br><br>    Defendants, and<br><br>RS EMERGING GROWTH FUND<br><br>    Nominal Defendant. | Case No. 04-cv-12106-NMG<br><br>Judge Nathaniel M. Gorton |

**DEFENDANT PFPC DISTRIBUTORS, INC.'S  MOTION TO DISMISS
PLAINTIFF'S DERIVATIVE COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), PFPC Distributors, Inc. ("PFPC") hereby moves the Court to dismiss the Derivative Complaint (the "Complaint") of Plaintiff Robert Emma ("Plaintiff") as against PFPC.

1. The Complaint asserts (i) a claim that PFPC violated § 36(b) of the Investment Company Act of 1940 (the "ICA"), *Compl*. ¶¶ 67-70, (ii) a claim that PFPC violated § 36(a) of the ICA, *Compl*. ¶¶ 71-74, and (iii) a claim that PFPC violated Massachusetts state law, *Compl*. ¶¶ 75-78.

2. All three claims in the Complaint are time-barred under the applicable statutes of limitations, as is argued in the Memorandum of Law in Support of RS Investment Management,

*9626197.1*

L.P., G. Randall Hecht, Leonard B. Auerbach, Jerome S. Contro, John W. Glynn, Jr. and Michael McCaffery's Motion to Dismiss the Plaintiff's Derivative Complaint (RS Memorandum) and incorporated by reference in PFPC's Memorandum of Law.

3. The Complaint's § 36(a) claim and Massachusetts state law claim must both be dismissed on the grounds that the Plaintiff failed to make a pre-suit demand on the RS Emerging Growth Fund's Board of Trustees.

4. The § 36(a) claim in the Complaint must be dismissed because there is no private right of action to sue for violations of that provision, as is argued in the RS Memorandum and incorporated by reference in PFPC's Memorandum of Law.

5. The § 36(b) claim in the Complaint must be dismissed because payments by the RS Emerging Growth Fund to PFPC for distributing the fund's shares have nothing to do with investment advisory fees and are therefore not actionable under § 36(b).

6. The Massachusetts state law claims asserted in the Complaint must be dismissed for lack of supplemental jurisdiction, as is argued in the RS Memorandum and incorporated by reference in PFPC's Memorandum of Law.

7. The Massachusetts state law claims asserted in the Complaint must be dismissed against PFPC because PFPC does not owe any fiduciary duties to the RS Emerging Growth Fund under Massachusetts state law.

8. In support of this Motion, PFPC relies upon it Memorandum of Law, the Declaration of Robert G. Jones and documents attached thereto, the RS Memorandum, and the Declaration of James E. Burns, Jr. and the documents attached thereto.

### REQUEST FOR ORAL ARGUMENT

PFPC respectfully requests oral argument on this Motion. As grounds therefore, PFPC submits that oral argument will assist the Court in its determination of the important issues raised

in the Motion to Dismiss.

          Respectfully submitted,

          PFPC Distributors, Inc.

          By its attorneys,

           /s/ Robert G. Jones_____
           Michal K. Fee (BBO # 544541)
           Robert G, Jones (BBO # 630767)
           Daniel Schwarcz (BBO # 657518)
           ROPES & GRAY LLP
           One International Place
           Boston, Massachusetts 02110-2624
           (617) 951-7000

Dated: February 11, 2005

## CERTIFICATION UNDER LOCAL RULE 71.

   The undersigned hereby certifies that, as required by Local Rule 7.1, counsel for the parties conferred with respect to the above motion by telephone. At that time, Plaintiff's counsel did not assent to the Motion to Dismiss.

          /s/ Daniel B. Schwarcz_____
          Daniel B. Schwarcz