UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT EMMA, Custodian, IRA, DTD 7/10/97,<br><br>   Plaintiff,<br><br>vs.<br><br>RS INVESTMENT MANAGEMENT, L.P.; PFPC DISTRIBUTORS, INC.; G. RANDALL HECHT; LEONARD B. AUERBACH; JEROME S. CONTRO; JOHN W. GLYNN, JR.; and MICHAEL McCAFFERY,<br><br>   Defendants, and<br><br>RS EMERGING GROWTH FUND,<br><br>   Nominal Defendant. | Case No. 04-cv-12106-NMG |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE BY DEFENDANTS RS INVESTMENT MANAGEMENT, L.P.; G. RANDALL HECHT; LEONARD B. AUERBACH; JEROME S. CONTRO; JOHN W. GLYNN, JR.; and MICHAEL McCAFFERY**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. LEGAL ARGUMENT..........................................................................................................3

    A. This Case Could Have Been Filed in the Northern District of California .....................3

    B. Plaintiff's Choice of Forum is Entitled to Little if Any Weight ....................................4

    C. The Relevant Private Interest Factors Favor Transfer of This Lawsuit to the
Northern District of California ......................................................................................5

        1. Massachusetts is a Highly Inconvenient Forum for the Parties..........................5

        2. Massachusetts is an Inconvenient Forum for the Witnesses ..............................6

        3. Massachusetts is an Inferior Forum Due to Poor Access to Sources of
Proof, Potential Compulsory Testimony Problems, and Practical
Inconveniences Associated with a Massachusetts Trial.....................................7

    D. The Public Interest Factors Weigh in Favor of Transfer ...............................................9

III. CONCLUSION..................................................................................................................11

## TABLE OF AUTHORITIES

Page

**CASES**

*Atari v. United Parcel Serv., Inc.*,
   211 F. Supp. 2d 360 (D. Mass. 2002) ..........................................................................5, 9

*Bolton v. Tesoro Petroleum Corp.*,
   549 F. Supp. 1312 (E.D. Pa. 1982) ..................................................................................4

*Brant Point Corp. v. Poetzsch*,
   671 F. Supp. 2 (D. Mass. 1987) ...............................................................................6, 7, 8

*Cianbro Corp. v. Curran-Lavoie, Inc.*,
   814 F.2d 7 (1st Cir. 1987)...............................................................................................5, 7

*Coady v. Ashcraft & Gerel*,
   223 F.3d 1 (1st Cir. 2000)...............................................................................................5, 7

*Dana Corp. v. The Goodyear Tire & Rubber Co.*,
   1985 WL 6042 (D. Mass. Sept. 30, 1985) ......................................................................7

*Employers Ins. of Wasau v. Commercial Union Ins. Co.*,
   735 F. Supp. 1103 (D. Mass. 1990) ................................................................................7

*Koster v. Lumbermens Mut. Cas. Co.*,
   330 U.S. 518 (1947)..........................................................................................................4

*Lapidus v. Hecht*,
   2002 WL 1034042 (N.D. Cal. May 17, 2002) ...............................................................9

*Lapidus v. Hecht*,
   232 F.3d 679 (9th Cir. 2000) ...........................................................................................9

*McEvily v. Sunbeam-Oster Co., Inc.*,
   878 F. Supp. 337 (D.R.I. 1994) ...............................................................................passim

*Moghaddam v. Dunkin Donuts, Inc.*,
   2002 WL 1940724 (S.D. Fla. Aug. 13, 2002) ..............................................................4, 7

*Morales v. Navieras de Puerto Rico*,
   713 F. Supp. 711 (S.D.N.Y. 1989) ..................................................................................4

## TABLE OF AUTHORITIES

Page

*New Medico Assocs., Inc. v. Kleinhenz*,
    750 F. Supp. 1145 (D. Mass. 1990) ...................................................................................8

*Pennsylvania Mfrs. Ass'n Ins. Co. v. Fed. Realty Inv. Trust*,
    2000 WL 964771 (D. Md. June 6, 2000) ....................................................................5, 6, 8

*Princess House, Inc. v. Lindsey*,
    136 F.R.D. 16 (D. Mass. 1991) ...............................................................................5, 7, 10

*Ratner v. Hecht*,
    621 F. Supp. 378 (N.D. Ill. 1985) ......................................................................................8

*Royal Ins. Co. of Am. v. United States*,
    998 F. Supp. 351 (S.D.N.Y. 1998) ...........................................................................6, 7, 8

*Trademasters Int'l, Inc. v. Borer*,
    687 F. Supp. 434 (N.D. Ill. 1988) ......................................................................................8

*Transamerica Corp. v. Trans-American Leasing Corp.*,
    670 F. Supp. 1089 (D. Mass. 1987) ..................................................................................4

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ....................................................................................................2, 10

## STATUTES

Fed. R. Civ. Pro. 45(3)(A)(ii) ....................................................................................................8

28 U.S.C.
    Section 1391(b)(2) and (b)(3) ............................................................................................3
    Section 1404(a) ........................................................................................................*passim*

## MISCELLANEOUS

15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3851 (1986) ...............................8

Defendants RS Investment Management, L.P. ("RS Investments"), G. Randall Hecht, Leonard B. Auerbach, Jerome S. Contro, John W. Glynn, Jr., and Michael McCaffery (collectively, "RS Defendants") hereby submit this memorandum of law in support of their motion to transfer the above-captioned action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California.

## I. INTRODUCTION

In this case, not a single party lives or has its principal place of business in the District of Massachusetts and none of the events giving rise to plaintiff's claims occurred in this District. Defendant RS Investments is a California investment adviser that manages and operates the Emerging Growth Fund ("Fund"), a mutual fund whose officers all reside in California. *See* Gallagher Decla. ¶¶ 3 and 6. RS Investments renders its advisory services entirely from California. *See* Gallagher Decla. ¶ 3. Of the five individual defendants, who are present or former Trustees of the Fund[1], four such defendants reside in California and none reside in Massachusetts. *See* Gallagher Decla. ¶ 5; Complaint ¶¶ 11-15. The gravamen of plaintiff's lawsuit is that the Trustees of the Fund approved certain mutual fund distribution fees that were too high. *See* Complaint ¶¶ 27-58. The Trustee defendants made the decisions affecting the Fund – including the fee-related decisions at issue in the present litigation – largely from California, and never from Massachusetts. *See* Gallagher Decla. ¶¶ 7-9. Even plaintiff himself does not reside in Massachusetts, but lives in New York. *See* Complaint ¶ 6. Plaintiff is by no means the only Fund shareholder who lives outside of Massachusetts. The number of shareholder accounts registered with Massachusetts addresses is a small fraction of the number registered in California, the state in which the largest number of shareholder accounts are registered. *See* Gallagher Decla. ¶ 4.

To be clear, the purpose of the present motion is not to assert that plaintiff committed an *error* by filing suit in the District of Massachusetts. To benefit from Massachusetts' well-

---

[1] Four of the five individual defendants, Messrs. Auerbach, Contro, Glynn, and McCaffery, are current Trustees of the RS Investment Trust and the Fund, which is a series of the Trust. Mr. Hecht is a former Trustee.

1

developed law governing mutual funds, the nominal defendant in this case – the Fund – was registered as a series of the RS Investment Trust ("Trust"), a Massachusetts business trust. *See* Gallagher Decla. ¶ 2. Similarly, the only non-RS Defendant – PFPC Distributors, Inc. ("PFPC") – is incorporated in Massachusetts.[2] *See* Complaint ¶ 8. Accordingly, the RS Defendants in the present motion do not argue that *jurisdiction* in the District of Massachusetts is legally erroneous. Rather, the purpose of this Motion is to show that *venue* in this District was very poorly chosen because the parties, locus, and witnesses in this litigation are elsewhere.

Massachusetts is unquestionably a highly inconvenient forum for the parties and for potential witnesses. This action (brought by a New York resident) concerns decisions made (in California) by the Fund's Trustees (who mostly reside in California) to continue certain payments on behalf of the Fund (the officers of which all reside in California) to an investment adviser (that operates in California) and to a distributor (whose principal place of business is in Pennsylvania). Nothing regarding this factual scenario suggests that Massachusetts would be a convenient forum in which to adjudicate this action.

Under 28 U.S.C. Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of Section 1404(a) is "to prevent the waste of 'time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge*, 364 U.S. 19, 26 (1960)). As the Supreme Court explained in *Van Dusen*, "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice," regardless of where the action was originally brought. *Id.*

This case is a model of the type of action in which transfer of venue is appropriate. Jurisdiction in the District of Massachusetts is permissible merely because PFPC and the Fund's

---

[2] PFPC, which allegedly has its principal place of business in Pennsylvania, *see* Complaint ¶ 8, does not oppose this Motion.

formation papers are filed with the Massachusetts Secretary of State. Yet, beyond this fact, this District is unquestionably a poor place in which to adjudicate plaintiff's claims because no defendant or material witnesses live in this District and none of the material events at issue occurred in this District. In contrast, five of the seven defendants in this case live or operate in California, all of the Fund's officers reside in California, and the events at issue in this litigation occurred in California. *See* Gallagher Decla. ¶¶ 3, 5, 7-9. Given that plaintiff's choice of forum is supported solely by the technical registration or incorporation of RS Investments and PFPC in Massachusetts, a Section 1404(a) transfer is unquestionably warranted.

## II.    LEGAL ARGUMENT

### A.    This Case Could Have Been Filed in the Northern District of California

A district court may exercise its discretion to transfer an action to "any other district or division where it might have been brought." 28 U.S.C. Section 1404(a). Here, plaintiff could have brought this action in the Northern District of California, where a "substantial part of the events or omissions giving rise to the claim occurred" and where "any defendant may be found." 28 U.S.C. Section 1391(b)(2) and (b)(3). RS Investments, which manages and advises the Fund, operates in the Northern District of California and has no presence in Massachusetts. *See* Gallagher Decla. ¶ 3; Complaint ¶ 7. Moreover, the business affairs of the Fund occur primarily or entirely within the Northern District of California, where all of the Fund's officers are located. *See* Gallagher Decla. ¶¶ 6-9. Furthermore, the actions that gave rise to the current litigation – the Trustee's approval of distribution fees – occurred substantially or entirely at meetings in California, not in Massachusetts. *See* Gallagher Decla. ¶¶ 7-9. Furthermore, the named former and present members of the Board of Trustees, with the exception of Jerome S. Contro (who lives in Colorado), reside and work in California. *See* Gallagher Decla. ¶ 5; Complaint ¶¶ 11-15. No Trustees reside in Massachusetts. *See* Gallagher Decla. ¶¶ 5 and 11.

**B.     Plaintiff's Choice of Forum is Entitled to Little if Any Weight**

Despite the usual presumption in favor of a plaintiff's choice of forum, plaintiff's choice of forum carries little weight when plaintiff chooses to bring suit in a forum other than his or her state of residence. *Transamerica Corp. v. Trans-American Leasing Corp.,* 670 F. Supp. 1089, 1093 (D. Mass. 1987) (holding that plaintiff's choice of forum other than its "home turf" was not dispositive in determining whether venue transfer should be granted); *Morales v. Navieras de Puerto Rico,* 713 F. Supp. 711, 713 (S.D.N.Y. 1989) (holding that where plaintiff's chosen forum is not her home forum, that choice carries little weight); *McEvily v. Sunbeam-Oster Co., Inc.*, 878 F. Supp. 337, 344 (D.R.I. 1994) (holding that burden on movant for transfer "is lightened when a plaintiff has not brought suit on his 'home turf'").

Furthermore, in class action and derivative litigation, a plaintiff's choice of forum is discounted even further, in accordance with the nominal role that such a plaintiff plays. As one court put it, in such litigation "there are hundred[s] of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action," and thus the weight accorded to such a plaintiff's choice of forum is concomitantly reduced. *See Moghaddam v. Dunkin Donuts, Inc.*, 2002 WL 1940724, at *2-3 (S.D. Fla. Aug. 13, 2002); *Bolton v. Tesoro Petroleum Corp.,* 549 F. Supp. 1312, 1316 (E.D. Pa. 1982) ("It has been consistently held … that the weight accorded to plaintiff's choice of forum is considerably reduced in class and derivative actions, where each of many potential plaintiffs may claim the right to have the action heard in his home forum, and where the nominal plaintiff's role in the litigation is likely to be quite minimal"; also noting that many derivative actions are transferred to district wherein defendant corporations' home office, as well as many of the relevant documents, defendants, and witnesses, are located); *Koster v. Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 525 (1947) ("in derivative actions, although the plaintiff may have a substantial interest of his own to protect, he may also be a mere phantom plaintiff with interest enough to enable him to institute the action and little more. … [H]e may … make no showing of any knowledge by which his presence would help to make whatever case can be made in behalf of the corporation").

In the present case, plaintiff does not reside within the District of Massachusetts, but within New York. *See* Complaint ¶ 6. Accordingly, his (or his attorney's) decision to sue the RS Defendants in Massachusetts should not be a significant factor in the Court's venue analysis, and certainly should not trigger any presumption against transfer. Moreover, any inconvenience upon plaintiff's counsel occasioned by a transfer is irrelevant because the convenience of counsel is not a consideration in deciding a motion to transfer pursuant to Section 1404(a). *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991).

        C.       **The Relevant Private Interest Factors Favor Transfer of This Lawsuit to the Northern District of California**

To determine whether the "convenience of parties and witnesses" and "the interest of justice" favor transfer under Section 1404(a), a district court may weigh various case-specific "private interest" factors, including the convenience of parties and witnesses, the locus of operative facts, the availability of compulsory process, and the ease of access to sources of proof. *Atari v. United Parcel Serv., Inc.*, 211 F. Supp. 2d 360, 362 (D. Mass. 2002); *Pennsylvania Mfrs. Ass'n Ins. Co. v. Fed. Realty Inv. Trust*, 2000 WL 964771, at *3 n.1 (D. Md. June 6, 2000). In the present case, such private interest factors overwhelmingly favor a Section 1404(a) transfer to the Northern District of California.

        1.       **Massachusetts is a Highly Inconvenient Forum for the Parties**

The convenience of the chosen forum for the parties is an important factor that courts consider when determining whether to transfer an action and, in cases involving entity parties, courts will seek to minimize disruption to the parties' businesses. *Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir. 2000); *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987); *Princess House*, 136 F.R.D. at 18; *McEvily*, 878 F. Supp. at 344.

In the present case, California is the residence of: (1) all officers of the Fund; (2) RS Investments; and (3) four of the five individual defendants. *See* Gallagher Decla. ¶¶ 3, 5 and 6. On the other hand, no individual defendant resides in the District of Massachusetts and RS Investments has no office or employees in this District. *See* Gallagher Decla. ¶ 3. Furthermore,

5

although the Fund and PFPC were formed under Massachusetts law, the Fund has no office or officers here, and PFPC allegedly has its principle place of business in Pennsylvania. *See* Gallagher Decla. ¶¶ 2 and 3; Complaint ¶ 8. Given that plaintiff himself resides outside of Massachusetts, there is no question that California – where four individual defendants reside, where the Fund and RS Investments operate, and where the events at issue occurred – is a far more convenient and appropriate venue in which to litigate this dispute.

### 2.   Massachusetts is an Inconvenient Forum for the Witnesses

The convenience of witnesses is said to be a primary, if not the most important, factor in considering a motion to transfer under § 1404(a). *McEvily*, 878 F. Supp. at 344. "The convenience of witnesses has been characterized as 'the most powerful factor governing the decision to transfer a case.'" *Royal Ins. Co. of Am. v. United States,* 998 F. Supp. 351, 354 (S.D.N.Y. 1998) (citations omitted); *Pennsylvania Mfrs.*, 2000 WL 964771, at *3 n.1 ("The convenience of witnesses is the single-most important factor in the transfer analysis"); *Brant Point Corp. v. Poetzsch,* 671 F. Supp. 2, 3 (D. Mass. 1987) ("The convenience of the witnesses is probably the most important factor … in passing on a motion to transfer") (citations omitted).

In the present case, the Trustees of the Fund – present and former – will be important witnesses in this litigation. *See* Gallagher Decla. ¶ 11. At least four such Trustees reside in California, and none reside in Massachusetts. *See id.* Other important witnesses in this litigation will be certain present employees and officers of RS Investments and the RS Investment Trust, all of whom reside in California, not Massachusetts. *See id.* The Trustee and non-Trustee witnesses will testify regarding the numerous factors supporting the setting of the Fund's distribution fees at the level that plaintiff challenges in this litigation. *See id.* In contrast to the numerous material witnesses that reside in California, the RS Defendants have not identified any material, non-attorney witnesses residing in Massachusetts. *See* Gallagher Decla. ¶ 12. Under these circumstances, and given the expense and inconvenience to witnesses caused by litigating this essentially California-based dispute in a Massachusetts court, transfer under Section 1404(a)

is appropriate. *Princess House*, 136 F.R.D. at 19-20 (transferring venue because traveling to distant forum would result in disruption to witnesses' schedules); *Employers Ins. of Wasau v. Commercial Union Ins. Co.*, 735 F. Supp. 1103, 1104 (D. Mass. 1990) (transferring venue from Massachusetts because, among other things, although suit was against Massachusetts insurer, majority of witnesses expected to testify were located in New York); *Dana Corp. v. The Goodyear Tire & Rubber Co.,* 1985 WL 6042, at *2 (D. Mass. Sept. 30, 1985) (granting transfer from Massachusetts to Ohio due to location of parties and witnesses).

### 3. Massachusetts is an Inferior Forum Due to Poor Access to Sources of Proof, Potential Compulsory Testimony Problems, and Practical Inconveniences Associated with a Massachusetts Trial

When the bulk of documents in a case is located in the district to which transfer is requested, the district court will weigh this factor in favor of transfer. *Moghaddam*, 2002 WL 1940724, at *4; *McEvily*, 878 F. Supp. at 348. *See also Cianbro*, 814 F.2d at 11 ("Factors to be considered by the district court in making its determination include … the availability of documents"); *Coady*, 223 F.3d at 11 ("In addition to the convenience of parties and witnesses, the factors to be considered by the court include the availability of documents"). In the present case, a major source of proof will be documents pertaining to aspects of distribution fees and the Trustees' consideration of the level at which to set such fees. Such documents in the RS Defendants' possession are located in California, *see* Gallagher Decla. ¶ 10, a fact that favors transfer of venue. *Princess House*, 136 F.R.D. at 18.

An additional factor the court may consider on a § 1404(a) transfer motion is its ability to compel the attendance of witnesses who might be reluctant to appear voluntarily. *Princess House*, 136 F.R.D. at 18 ("The court must consider the number of potential witnesses located in both the transferor and the transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify"); *Brant Point*, 671 F. Supp. at 5 (writing that court "should consider whether the potential witnesses can be compelled to testify in either the transferor or transferee district"); *Royal Ins.*, 998 F. Supp. at 354.

7

As noted above, the great majority of the witnesses that are expected to testify in this case – including current and former employees, officers, and Trustees of RS Investments and/or the Trust – reside in California, while few if any will hail from Massachusetts. *See* Gallagher Decla. ¶¶ 11 and 12. As such, this Court is far more likely than a California district court to face a challenge (or challenges) to the subpoena power by witnesses who would clearly be subject to the subpoena power of a California district court. *See* Fed. R. Civ. Pro. 45(3)(A)(ii). Given the greater risk that a trial in Massachusetts might consist in part of deposition testimony of a witness or witnesses, rather than live testimony, early transfer to the Northern District of California is warranted. *See Brant Point,* 671 F. Supp. at 5 ("[T]he trier of fact should not be forced to rely on deposition evidence when the deponent's live testimony can be procured through transfer …"); *Royal Ins.,* 998 F. Supp. at 354 (noting that video deposition of witnesses is "poor substitute for live testimony"); *Ratner v. Hecht*, 621 F. Supp. 378, 382 (N.D. Ill. 1985) (abrogated on other grounds) (stating that neither trier of fact nor "litigant[s] should...be forced to rely largely on deposition evidence when the deponent's live testimony can be procured"); 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3851, p. 420 (1986) ("There are frequent indications in the cases that what the courts actually are considering is not so much the convenience of the witnesses but the possibility of having their live testimony at trial").[3]

As stated by the court in *Trademasters Int'l, Inc. v. Borer*, 687 F. Supp. 434, 436 (N.D. Ill. 1988), "California witnesses have no apparent incentive to appear voluntarily in this [C]ourt; nor can the court compel them to do so." Thus, where witnesses may not testify in court if tried in the chosen forum, transfer of the case may provide the most expeditious means of avoiding potential jurisdictional issues and resolving the case most efficiently. *See id.* "The California forum offers the dual benefit of ensuring the live testimony of material witnesses and avoiding the prejudice to defendants that might otherwise result." *Id.*

---

[3] *See also New Medico Assocs., Inc. v. Kleinhenz,* 750 F. Supp. 1145, 1146 (D. Mass. 1990) (allowing transfer upon consideration of fact that most of defendants' witnesses were non-party witnesses residing in Illinois, "whose testimony could be obtained in Boston only by deposition"); *Pennsylvania Mfrs.*, 2000 WL 964771, at *3 n.1 (granting motion to transfer while noting that majority of potential non-party witnesses knowledgeable about events at issue in litigation resided in New Jersey "beyond th[e] court's subpoena power").

In sum, this Court may appropriately consider the greater risk of challenges by witnesses to subpoenas issued by this Court, as opposed to subpoenas issued from a district court in California. This greater risk, in addition to the numerous private interest factors noted above, militates in favor of a transfer of this action to the Northern District of California.

### D. The Public Interest Factors Weigh in Favor of Transfer

In weighing a venue transfer motion, a district court may also consider whether various non-private interest factors favor transfer, including the local interest in having localized controversies decided at home, the unfairness of burdening citizens in an unrelated forum with jury duty, relative court congestion, or any other "public interest" factors that the Court deems worthy of consideration under the circumstances. *See Atari*, 211 F. Supp. 2d at 362.

The present action arises from fee-setting decisions that the Trustees made in California, where most of the Trustees reside, where RS Investments operates, where the Trust's officers conduct the Trust's business, and where the Trust previously adjudicated litigation related to fund management.[4] *See* Gallagher Decla. ¶¶ 2-3, 5-9; Complaint ¶¶ 11-15. Thus, California's interest in deciding the current controversy is manifest, given that: (a) plaintiff (a New Yorker) has sued four California individuals and a California investment adviser; (b) plaintiff purports to bring this derivative suit on behalf of a Fund whose officers are all located in California; (c) plaintiff's "excessive distribution fee" claims arise from decisions made at meetings in California; and (d) California is where, by a large margin, the greatest number of Fund shareholder accounts are registered.

In comparison, the interest of the state of Massachusetts is legitimate, but is overwhelmed by the strong concentration of California interests and connections in this specific case. Plaintiff will no doubt argue that Massachusetts has legitimate interests when a plaintiff brings a claim

---

[4] California was the forum for adjudication in two prior proceedings in which the Trust or a Trust adviser was sued. *See Lapidus v. Hecht*, 232 F.3d 679 (9th Cir. 2000) (applying Massachusetts law in affirming in part and reversing in part dismissal of plaintiffs' claims against Trust's predecessor); *see also Lapidus v. Hecht*, 2002 WL 1034042, at *8 (N.D. Cal. May 17, 2002) (in action against predecessors of Trust's advisory entities, dismissing federal securities claims and remanding California state law claims to state court).

9

against entities organized under Massachusetts law. Although this generic proposition is undoubtedly correct, it does little to change the analysis in this case, which was brought by a non-Massachusetts resident and which involves no obvious (or even subtle) factual nexus to Massachusetts.

If accepted, the proposition that litigation on behalf of a Massachusetts fund must stay in Massachusetts would undermine the purpose of Section 1404(a), which is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen,* 376 U.S. at 616 (quoting *Continental Grain*, 364 U.S. at 26). As the Supreme Court explained in *Van Dusen*, "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice," regardless of where the action was originally brought. *Id.*

The RS Defendants do not claim that jurisdiction is improper in Massachusetts. Nor do they argue that Massachusetts has no interest in the litigation or that Massachusetts law should not apply to plaintiff's single state claim. Rather, the assertion here is simply that the case should be tried in a California federal courthouse in light of considerations of convenience. As to the plaintiff's state claim (which is appended to his federal securities claims in boilerplate language, almost as an afterthought) any concern that a California federal court will be ill-equipped to properly and equitably apply Massachusetts law is unfounded. In considering a motion to transfer, "[c]hoice of law issues can be important factors but are not entitled to great weight when the applicable law is settled or clear." *McEvily*, 878 F. Supp. at 348-49. Massachusetts fiduciary duty law has been clearly articulated by courts, such that a federal court in California will have no difficulty applying the established law, just as federal courts have applied Massachusetts law in prior litigation involving the Trust. "The fact that Massachusetts law governs one claim of several is not compelling enough, in and of itself, to deter this Court from transferring this action." *Princess House*, 136 F.R.D. at 23 (granting defendant's motion to transfer venue from Massachusetts to Western District of Missouri).

## III.   CONCLUSION

For the foregoing reasons, the RS Defendants respectfully request that the Court transfer the above-captioned action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California.

Dated:  February 16, 2005              Respectfully submitted,


/s/ James E. Burns, Jr.
James E. Burns, Jr., *pro hac vice*
Richard Gallagher, *pro hac vice*
Eunice J. Lee, *pro hac vice*
ORRICK, HERRINGTON & SUTCLIFFE, LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2625
Ph:  (415) 773-5700
Fax:  (415) 773-5759
jburns@orrick.com
rgallagher@orrick.com
ejlee@orrick.com
*Attorneys for the RS Defendants*


ROPES & GRAY LLP
Robert G. Jones (BBO # 630767)
One International Place
Boston, MA 02110-2624
(617) 951-7000
*Attorneys for the RS Defendants and for PFPC Distributors, Inc.*